# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| CAMERON STANDING ROCK,<br><br>Plaintiff,<br><br>vs.<br><br>DARCY LARSON, R.N.; MARTIN FRINK, WARDEN; and LT. ROBERT JOHNSON,<br><br>Defendants. | Cause No. CV 11-00061-GF-SEH-RKS<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Pending are Plaintiff Cameron Standing Rock's Motion to Proceed in Forma Pauperis C.D. 1 and proposed civil rights Complaint. C.D. 2. The Motion to Proceed in Forma Pauperis will be granted and the Complaint recommended for dismissal for failure to state a claim.

## I. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. This action presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 1.11(a)(2)(C).

This proceeding was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1).

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Standing Rock submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Standing Rock is required to pay the statutory filing fee of $350.00. Mr. Standing Rock submitted an account statement showing average monthly deposits of $22.08 over the six months immediately preceding the filing of this action. Therefore, an initial partial filing fee of $4.42 will be assessed by this Order. See 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). By separate order, the Court will direct the agency having custody of Mr. Standing Rock to collect the initial partial filing fee from Mr. Standing Rock's account and forward it to the Clerk of Court.

Thereafter, Mr. Standing Rock will be obligated to make monthly payments of 20% of the preceding month's income credited to Mr. Standing Rock's prison trust account. The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the agency having custody of Mr. Standing Rock to forward payments from Mr. Standing Rock's account to the Clerk of Court each time the amount in the account exceeds $10.00,

until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. STATEMENT OF CASE

### A. PARTIES

Mr. Standing Rock is a prisoner proceeding without counsel. He was incarcerated at Crossroads Correctional Center in Shelby, Montana at the time he filed his Complaint. He is now incarcerated at the Great Falls Regional Prison in Great Falls, Montana. The named defendants are Darcy Larson, R.N., Warden Martin Frink, and Lt. Robert Johnson. C.D. 2, p. 4.

### B. ALLEGATIONS

Mr. Standing Rock alleges he is a Type I diabetic. He contends that on August 5, 2011, he was denied his blood glucose check and insulin. He states that Nurse Darcy Larson told him he was late and he would receive no treatment. He told Nurse Larson that he was not leaving medical until he got his treatment. She placed a call and Lt. Johnson and Warden Frinks came to medical. Warden Frinks stated they could not have Mr. Standing Rock leaving and going into a coma or seizure. Nurse Larson, Warden Frinks, and Lt. Johnson then allegedly went behind a closed door and talked. Lt. Johnson then came out and escorted Mr. Standing Rock out of Medical and to the chow hall. C.D. 2, p. 5.

At the chow hall, Mr. Standing Rock says he gave his food away because he

was sick. He contends he felt sick and nauseated from his sugar levels being high. He also states his muscles were cramping. C.D. 2, p. 6.

Mr. Standing Rock seeks $3,000,000, a requirement that Defendants fulfill the needs of every diabetic when needed, and a reprimand of Nurse Larson to disciplinary action. C.D. 2, p. 6.

**IV. SCREENING PER 28 U.S.C. §§ 1915(e)(2), 1915(A)**

As Mr. Standing Rock is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the defendants if it is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."

Twombly, 550 U.S. 544. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles." Iqbal, 129 S.Ct. at 1949. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. Iqbal, 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950.

Even after Twombly, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson, 127 S.Ct. at 2200; Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); see also Hebbe v. Pliler, 627 F.3d 338 (9th Cir. 2010)(pro se filings construed liberally when evaluating them under Iqbal).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the

allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

## V. ANALYSIS

The Eighth Amendment requires that prisoners receive adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976); see also McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). To state an arguable section 1983 claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106; Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).

Deliberate indifference under the Eighth Amendment involves the consideration of two elements: "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need." McGuckin, 974 F.2d at 1059; see also Lolli v. County of Orange, 351 F.3d 410, 419 (9th Cir. 2003). That is, a plaintiff must demonstrate "'objectively, sufficiently serious'

harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care. Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation." Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002)(citing Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995)).

The objective component of deliberate indifference requires the showing of a serious medical need. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'." McGuckin, 974 F.2d at 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104); see also Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998)(quoting Farmer v. Brennan, 511 U.S. 825, 835 (1994)). "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[T]he official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." Frost,

152 F.3d at 1128 (quoting Wilson v. Seiter, 501 U.S. 294, 302-303 (1991)). "This second prong-defendant's response to the need was deliberately indifferent-is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 citing McGuckin, 974 F.2d at 1060. "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Id.

Ordinary medical malpractice is not enough to state an Eighth Amendment claim. Estelle, 429 U.S. at 106. A difference of opinion between medical professionals and the prisoner concerning the appropriate course of treatment does not amount to malpractice, much less deliberate indifference. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Mr. Standing Rock's allegation here can only be construed as an allegation of delay of medical care as he only alleges he was denied his diabetic treatment on one occasion. Delay in providing medical treatment may manifest deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 104–05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). However, only delays that cause substantial harm violate the Eighth Amendment. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).

See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994)(one-day delay in receiving medication does not constitute deliberate indifference when there was no evidence "the [ ] minor delay [ ] caused any harm").

Assuming all of Mr. Standing Rock's allegations are true, Defendants were not deliberately indifferent to his medical needs. After Mr. Standing Rock was denied his blood glucose and insulin because he was late, Nurse Larson called Warden Frink and Lieutenant Johnson, conferred with them, and decided to take Mr. Standing Rock to the chow hall to eat. Providing food can be considered a form of managing diabetes.[1] It is unclear why Defendants chose to provide food to Mr. Standing Rock rather than check his blood glucose, but they did not ignore his medical condition. Warden Frink said they could not let Mr. Standing Rock leave and possibly go into a coma or seizure. Although the decision to provide food for Mr. Standing Rock rather than check his blood glucose may not have been the correct treatment, Defendants were not deliberately indifferent to his medical condition.

Further, a one time delay in providing insulin which resulted only in feelings of nausea, sickness, and muscle cramps is insufficient to establish substantial harm

---

[1] http://www.mayoclinic.com/health/diabetes/DS01121/DSECTION=treatments-and-drugs (accessed December 8, 2011).

as required.  Mr. Standing Rock's allegations do not rise to the level of deliberate indifference to a serious medical need and as such they fail to state a claim for denial of medical care.

## VI.  CONCLUSION

Mr. Standing Rock has failed to state a claim upon which relief could be granted.  Based upon the Complaint, it is clear that the defects set forth above could not be cured by amendment.  Accordingly, Mr. Standing Rock's Complaint should be dismissed with prejudice.

### A.     "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  This case should be designated as a "strike" under this provision because Mr. Standing Rock has failed to state a claim.

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is

> filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Standing Rock failed to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

It is **ORDERED:**

1. Mr. Standing Rock's Motion for Leave to Proceed in Forma Pauperis C.D. 1 is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on September 19, 2011.

3. At all times during the pendency of this action, Mr. Standing Rock SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Standing Rock has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. Mr. Standing Rock's Complaint should be dismissed for failure to state a claim upon which relief may be granted. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr.

Standing Rock's failure to state a claim upon which relief can be granted.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  Mr. Standing Rock's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO
## FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Standing Rock may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge

may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 8th day of December, 2011.

      /s/ Keith Strong
Keith Strong
United States Magistrate Judge